## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEVIN BURCHETT, )<br>)<br>Plaintiff, )<br>v. )<br>DAVID PETER LAGI, )<br>)<br>)<br>Defendant. ) | <br><br><br>CIVIL ACTION NUMBER<br>_____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW PLAINTIFF, by and through his attorney, Dylan E. Wilbanks, and files this Complaint against Defendant David Lagi as follows:

1.  Defendant is a resident of the State of Georgia can be served with Summons and Complaint at his residence at 160 Belmont Trace, Atlanta, Fulton County, Georgia 30328.

## VENUE AND JURISDICTION

2.  Venue is proper in this Court because Defendant resides in the Northern District of Georgia and a substantial part of the events giving rise to the Plaintiff's claims occurred within the Northern District of Georgia.

3.  The Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1331, in that this case involves copyright claims which are within the exclusive jurisdiction of the United States District Courts.

## PARTIES

4. Plaintiff is an artist, and the holder of copyrights on two-dimensional visual works of art.

5. Plaintiff creates works of art in pencil, and produces numbered, limited reproductions via lithograph. Plaintiff's numbered reproductions bear his original signature as well as a reproduction of his signature.

6. Defendant is a dealer in sports-themed artwork and memorabilia.

7. Defendant sells sports-themed artwork and memorabilia online, at his home, and at shows which he or an agent personally attends.

## FACTUAL ALLEGATIONS

8. In or before 2002, Plaintiff sold prints of his work entitled "City Limits" and other works to the Defendant. Each of the prints were numbered, limited reproductions as described above.

9. "City Limits" is a pencil drawing depicting an eagle perched upon a Statesboro, Georgia, city limits sign.

10. Plaintiff and Defendant conducted business together for less than a year. Defendant failed to pay for the last set of prints Plaintiff sent him. Defendant told Plaintiff that he was unable to sell Plaintiff's work because it was not in color, and stated that he would not purchase any more prints from Plaintiff.

11. At no time did Plaintiff convey his copyright to Defendant.

12.     Unbeknownst to Plaintiff, Defendant digitally reproduced the Plaintiff's work and offered it for sale to Defendant's customers.

13.     Upon information and belief, Defendant made unauthorized reproductions that deleted the Plaintiff's own limited numbering system and original signature. Defendant numbered the unauthorized copies himself.

14.     In the Spring or Summer of 2011, Defendant sold two unauthorized copies of Plaintiff's work entitled "City Limits" to two separate individuals.  The two unauthorized digital copies sold were numbered consecutively 350 and 351 out of 500.  The sales occurred at Defendant's residence.

15.     Plaintiff originally produced a limited set of 550 reproductions of "City Limits" rather than "500."

16.     The Defendant sold these works for $100 or more each.

17.     Upon information and belief, Defendant has sold 349 other copies of "City Limits."

18.     Upon information and belief, Defendant has made unauthorized copies of Plaintiff's other works.

19.     At all times relevant, Defendant has been aware that Plaintiff holds the copyright to all of his original works, and that his digital reproductions were unauthorized.

# COUNT ONE
## VIOLATIONS OF GEORGIA RICO ACT

20. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

21. Defendant acquired money through a pattern of racketeering activity.

22. Specifically, Defendant engaged in two or more acts in violation of O.C.G.A. § 16-8-60 in furtherance of a scheme to make money from images belonging to Plaintiff and to deprive the Plaintiff of income from his images.

23. During June or July of 2011, Defendant sold unauthorized copies of Plaintiff's work, "City Limits," to two individuals.

24. These sales violated O.C.G.A. § 16-8-60 in that they were sales of articles on which visual images had been transferred without the consent of the Plaintiff, who owned the original image from which the visual images were derived. Defendant knew that the reproductions were made without the Plaintiff's consent.

25. Defendant kept the proceeds of these sales for himself, and deprived Plaintiff of any income from the sales.

26. Upon information and belief, Defendant made at least 349 other such sales in violation of O.C.G.A. § 16-8-60.

27. Upon information and belief, Defendant is responsible not only for the sales, but also for the transfer of the images in violation of O.C.G.A. § 16-8-60.

28. Plaintiff is entitled to trebled actual damages pursuant to O.C.G.A. § 16-14-6.

## COUNT TWO
## COPYRIGHT INFRINGEMENT

29. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

30. Plaintiff is the legal owner of the copyright to "City Limits" and every other two dimensional artistic work he's created.

31. Defendant violated Plaintiff's copyright interest in "City Limits" and other works by intentionally copying and selling those works.

32. Defendant's violation of Plaintiff's copyright is willful.

33. As a result, Plaintiff is entitled to actual damages or, in the alternative, statutory damages pursuant to 17 U.S.C. 504.

## COUNT THREE
## DECEPTIVE TRADE PRACTICES, O.C.G.A. § 10-1-372

34. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

35. During the course of operating his business, Defendant has passed unauthorized copies off as the goods of Plaintiff, thereby causing the likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval and/or certification of the unauthorized copies. By passing off the unauthorized copies as the goods of the Plaintiff, the Defendant has caused the likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by the Plaintiff.

36. Defendant's foregoing acts constitute deceptive trade practices in violation

of O.C.G.A. § 10-1-372.

37. Upon information and belief, Defendant intends to continue his infringing acts, unless restrained by this Court.

38. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT FOUR
## UNFAIR TRADE PRACTICES, O.C.G.A. § 10-1-393

39. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

40. By the acts alleged above in passing off unauthorized copies as the goods of Plaintiff, Defendant has caused actual confusion and/or actual misunderstanding as to the source, sponsorship, approval, and/or certification of the unauthorized copies.

41. Defendant's acts constitute a violation of O.C.G.A. § 10-1-393.

42. Upon information and belief, Defendant intends to continue his infringing acts unless restrained by this Court.

43. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT FIVE
## PUNITIVE DAMAGES

44. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

45. Defendant's actions showed willful misconduct, fraud, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

46. As a result of Defendant's actions, Plaintiff seeks punitive damages in an amount to be determined by a jury.

## COUNT SIX
## ATTORNEY'S FEES

47. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

48. Defendant has acted in bad faith, been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense, thereby entitling him to recovery of his reasonable expenses of litigation.

## COUNT SEVEN
## PETITION FOR INJUNCTION

49. Plaintiff asserts all preceding paragraphs as if set forth herein individually.

50. Plaintiff petitions the Court for an injunction restraining the further reproduction and sale of his copyrighted images by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that it be awarded the following:

a. Judgment that Defendant is in violation of Georgia's Racketeering Influenced and Corrupt Organizations Act;

  b. Judgment that Defendant has violated Plaintiff's copyright on the work entitled "City Limits" and other works to be proven at trial;

  c. Actual damages or, alternatively, statutory damages as defined in 17 U.S.C. 504;

  d. Actual damages trebled pursuant to O.C.G.A. § 16-14-6;

  e. Actual attorney's fees;

  f. Punitive damages; and

  g. Such further relief as the Court deems appropriate.

This 20th day of July, 2011.

              **THE WILBANKS LAW FIRM, P.C.**

               /s/ Dylan E. Wilbanks

1237 South Elm Street, Suite B  Dylan E. Wilbanks
Commerce, Georgia  30529   Georgia Bar No. 631371
(706) 335-2355        **Attorney for Plaintiff**
(706) 243-6464