IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN BURCHETT,

Plaintiff,

v.

DAVID PETER LAGI, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-2379-TWT

ORDER

This is an action for copyright infringement. It is before the Court on Defendant David Peter Lagi's Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 25], Defendant Sports Art, Inc.'s Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 29], and Defendants Lagi and Sports Art, Inc.'s Motion for Oral Argument [Doc. 37]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant Lagi's Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 25], GRANTS IN PART and DENIES IN PART Defendant Sports Art, Inc.'s Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 29], and DENIES the Defendants Lagi and Sports Art, Inc.'s Motion for Oral Argument [Doc.

37].

## I. Background

The Plaintiff, Kevin Burchett, is an artist who creates works of art in pencil, and produces numbered, limited reproductions via lithograph. (First Am. Compl. ¶¶ 5-6.) Around 2002, the Plaintiff sold prints of his work entitled "City Limits" (the "Work") to Defendant Sports Art, Inc. ("Sports Art") and Sports Art's President, Chief Executive Officer, and owner, Defendant David Lagi. (First Am. Compl. ¶¶ 7, 8, 12.) The Plaintiff had a copyright for the Work, which he did not convey to the Defendants. (First Am. Compl. ¶ 15.) The Plaintiff alleges that the Defendants digitally reproduced the Work without the Plaintiff's consent, deleting the Plaintiff's numbering system and original signature. (First Am. Compl. ¶¶ 16-17.) The Plaintiff alleges upon information and belief that the Defendants have sold at least 349 unauthorized copies of the Work. (First Am. Compl. ¶ 25.) The Plaintiff specifically alleges four unauthorized sales of the Work, one each occurring in October 2010 and April 2011, and two occurring in May 2011. (First Am. Compl. ¶¶ 20-23.)

The Plaintiff filed the Complaint in this Court on July 20, 2011, against Defendant Lagi, in which the Plaintiff raised numerous claims, including a claim for the violation of Georgia's RICO Act, but not a claim for the violation of the federal RICO Act [Doc. 1]. The Plaintiff then sought the Court's leave to amend his

Complaint [Doc. 16], and the Court granted this Motion [Doc. 19]. The Plaintiff filed the First Amended Complaint, in which he added Sports Art as a defendant, and added a claim for the violation of the federal RICO Act [Doc. 20]. Defendants Lagi and Sports Art then brought Motions to Dismiss Counts One (Federal RICO) and Two (Georgia RICO) of the First Amended Complaint [Docs. 25 & 29]. The Plaintiff then sought leave to amend his Complaint for a second time [Doc. 30], which the Court denied as untimely [Doc. 40]. The Court now considers the Defendants' Motions to Dismiss Counts One and Two of the First Amended Complaint.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry

and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

However, "[c]ivil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316 (11th Cir. 2007). "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Id. at 1316-17.

## III. Discussion

### A. Federal RICO

The Plaintiff has not pled his federal RICO claim with sufficient particularity. First, the Plaintiff failed to cite the specific provision of the federal RICO statute that was violated. The Plaintiff now states that his allegations implicate 18 U.S.C. §

1962(c), which states that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). The Plaintiff's First Amended Complaint, however, does not plead with specificity how his allegations satisfy this provision. The Plaintiff's own Complaint alleges facts that contradict that Sports Art as an enterprise is distinct from Lagi as a person, the Plaintiff does not allege any facts that the Defendants' activities affected interstate commerce, and the acts specifically pled do not constitute a pattern of racketeering activity.

1. Enterprise

18 U.S.C. § 1962(c) limits RICO liability to "person[s] employed by or associated with any enterprise." 18 U.S.C. § 1962(c). An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "person" subject to liability must be distinct from the "enterprise" whose affairs are conducted through a pattern of racketeering activity. United States v. Goldin Indus., Inc., 219 F.3d 1268, 1271 (11th Cir. 2000); Reves v. Ernst & Young, 507 U.S. 170, 185 (1993) (RICO liability "depends on showing that the defendants

conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs"); Boca Raton Cnty. Hosp., Inc. v. Tenet Healthcare Corp., 502 F. Supp. 2d 1237, 1253 (S.D. Fla. 2007) ("[T]he law clearly prohibits RICO liability where the person and the enterprise are alleged to be one and the same"). Generally, a corporation and its owner/employee are distinct from the corporation itself. See Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 163 (2001).

However, the Plaintiff has explicitly argued that this is not the case here. The Plaintiff contradicts his own assertion that Sports Art is an enterprise distinct from Lagi with his attempt in Count IV of the First Amended Complaint to pierce Sports Art's corporate veil. (First Am. Compl. ¶ 45) ("Lagi disregarded Sports Art as a corporate entity and made it a mere instrumentality for the transaction of his own affairs."). Moreover, the Plaintiff does not distinguish between Lagi and Sports Art in his First Amended Complaint. Failing to plead that RICO defendants are distinct from the alleged enterprise is cause for dismissal. See, e.g., State Farm Mut. Auto. Ins. Co. v. Cohan, No. 09-CV-2990, 2010 U.S. Dist. LEXIS 21376, at *11-*12 (E.D.N.Y. Mar. 8, 2010).

2. Interstate Commerce

The Plaintiff pled that the Defendants committed two types of racketeering activity: criminal copyright infringement under 18 U.S.C. § 2319, and wire fraud

under 18 U.S.C. § 1343. (First Am. Compl. ¶ 31.) The Plaintiff has since abandoned his claim that wire fraud constituted one of the predicate acts necessary to establish his federal RICO claim. (Pl.'s Resp. to Def. Lagi's Mot. to Dismiss, at 2.) As a result, the Plaintiff attempts to establish that the Defendants' criminal copyright infringement affected interstate commerce.

The Plaintiff has specifically pled four unauthorized sales of the Work. (First Am. Compl. ¶¶ 20-23.) The Plaintiff claims that other unauthorized sales were conducted "[u]pon information and belief," but the Court does not consider these sales as they were not pled with the requisite particularity. The Plaintiff has not alleged any facts that tend to show that any of these four predicate acts were engaged in, or affected, interstate commerce.

3. Pattern of Racketeering Activity

Recovery for § 1962 violations requires proof of the indispensable element to criminal liability under the § 1962 subsections–a pattern of racketeering activity. Pelletier v. Zweifel, 921 F.2d 1465, 1496 (11th Cir. 1991). A pattern of racketeering activity requires at least two distinct but related predicate acts; however, two acts may not be sufficient to form a pattern. Id.; Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 n.14 (1985). "Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are

interrelated by distinguishing characteristics and are not isolated events." Pelletier, 921 F.2d at 1496-97 (internal quotations omitted).

The Plaintiff does not plead a pattern of racketeering activity. Alleged RICO predicate acts must "amount[] to, or otherwise pose[] a threat of, 'continuing racketeering activity.'" Merritt v. Lake Jovita Homeowner's Ass'n, Inc., 358 Fed. Appx. 47, 49 (11th Cir. 2009), citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 US. 229, 240 (1989). "'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc., 492 U.S. at 241. "A party alleging a RICO violation may demonstrate continuity over a closed period by providing a series of related predicates extending over a substantial period of time." Id. at 242. "In open-ended cases that rely on alleging the *threat* of continuity, plaintiffs can meet their burden by establishing either that the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, or that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1265 (11th Cir. 2004), citing H.J. Inc., 492 U.S. at 242 (emphasis in original) (internal quotations omitted).

It is clear that the Plaintiff cannot establish closed-ended continuity, which he

does not appear to dispute. The Plaintiff has specifically pled four predicate acts, including one illegal sale of the Work occurring in October 2010, and the other three occurring in April and May 2011. "[W]here the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a closed-ended pattern of racketeering, even when the scheme took place over longer periods of time." Jackson, 372 F.3d at 1267 (11th Cir. 2004) (finding nine months insufficient to establish continuity).

Turning to open-ended continuity, the Plaintiff did not plead that the Defendants regularly conduct business by impermissibly selling copyrighted works. There is no evidence before the Court that the Defendants' scheme included more than one victim (the Plaintiff) or more than one copyrighted work, or that the Defendants had any other similar schemes. Accord Jackson, 372 F.3d at 1267, citing Vicom, Inc. v. Harbridge Merchant Servs., 20 F.3d 771, 780 (7th Cir. 1994). The Plaintiff attempts to establish the threat of future racketeering activity by asserting that the Defendants' scheme "could have continued indefinitely." The Plaintiff did not specifically plead any predicate acts after May 2011. Continued criminal activity is almost always theoretically possible, but the type of speculation that the Plaintiff asks the Court to engage in would undermine the purpose of limiting RICO claims to "non-sporadic racketeering activity," and the purpose of requiring a heightened pleading

standard for RICO claims. (Pl.'s Resp. to Def. Sports Art's Mot. to Dismiss, at 10.) Thus, the Court finds that the Plaintiff has not sufficiently pled a "pattern of racketeering activity." The Plaintiff's federal RICO claim is dismissed as to both Defendants.

B. Georgia RICO

The Defendants have also moved to dismiss the Plaintiff's Georgia RICO claim. Under O.C.G.A. § 16-14-4, "[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." O.C.G.A. § 16-14-4(a). "'Pattern of racketeering activity' means: (A) Engaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission." O.C.G.A. § 16-14-3(8).

The legal standards of Georgia RICO law are modeled after and closely track the federal RICO provisions, so that the two are similar enough "to apply the same analysis." Morast v. Lance, 631 F. Supp. 474, 481 (N.D. Ga. 1986), aff'd, 807 F.2d 926 (11th Cir. 1987). However, "Georgia RICO is generally broader in scope than federal RICO." Marshall v. City of Atlanta, 195 B.R. 156, 171 (N.D. Ga. 1996). For

example, the Georgia RICO statute does not require proof of an "enterprise." Id.; Cobb Cnty. v. Jones Group P.L.C., 218 Ga. App. 149, 152-53 (1995), citing Dover v. State, 192 Ga. App. 429, 431 (1989). Georgia RICO also does not require the predicate acts to be connected to interstate commerce.

The Plaintiff failed to plead a "pattern of racketeering activity" for federal RICO because he failed to establish that the racketeering activity was "continuing." However, Georgia RICO does not impose this continuity requirement. Dover, 192 Ga. App. at 431-32; Marshall, 195 B.R. at 171. Instead, Georgia RICO requires that the predicate acts "have the same or similar intents, results, accomplices, victims, or methods of commission." O.C.G.A. § 16-14-3(8). All four of the specifically pled predicate acts are very similar in all of these respects. The predicate acts specifically pled by the Plaintiff all allege criminal copyright infringement, which is indictable under 18 U.S.C. § 2319. The specifically pled acts qualify as predicate acts under Georgia RICO because criminal copyright infringement constitutes a predicate act for federal RICO under 18 U.S.C. § 1961(1)(B). Pursuant to O.C.G.A. § 16-14-3(9)(A)(xxix), these are predicate acts that trigger the Georgia RICO Act. The Plaintiff's Georgia RICO claim survives these Motions to Dismiss.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN

PART Defendant David Lagi's Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 25], GRANTS IN PART and DENIES IN PART Defendant Sports Art's Motion to Dismiss Counts One and Two of the First Amended Complaint [Doc. 29], and DENIES Defendants Lagi and Sports Art's Motion for Oral Argument [Doc. 37].

SO ORDERED, this 24 day of July, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge